IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

       Plaintiff(s),

v.

       Defendant(s).

_____

**SCHEDULING ORDER IN A PATENT CASE**
_____

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

*[Provide the date of the conference and the names, addresses, and telephone numbers of counsel for each party and each pro se party. Identify by name the party represented by each counsel.]*

**2. STATEMENT OF JURISDICTION**

*[Provide a concise statement of the basis for subject matter jurisdiction with appropriate statutory citations. If jurisdiction is denied, give the specific reason for the denial.]*

**3. STATEMENT OF CLAIMS AND DEFENSES**

    a.    Plaintiff(s):

    b.    Defendant(s):

    c.    Other Parties:

*[Provide concise statements of all claims or defenses. Each party, in light of formal or informal discovery undertaken thus far, should take special care to eliminate frivolous claims or defenses. Fed. R. Civ. P. 11 and 16(c)(2)(A).]*

### 4. UNDISPUTED FACTS

The following facts are undisputed:

*[The parties should make a good-faith attempt to determine which facts are not in dispute when they have the Rule 26(f) meeting.]*

### 5. COMPUTATION OF DAMAGES

*[Include a computation of all categories of damages sought by all parties and the basis and theory for calculating those damages. See Fed. R. Civ. P. 26(a)(1)(A)(iii).]*

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a. Date of Rule 26(f) meeting.

b. Names of each participant and party he/she represented.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

*[If a party's disclosures were not made within the time provided in Fed. R. Civ. P. 26(a)(1)(C), the parties must provide an explanation of good cause.]*

d. Statement concerning any agreements to conduct informal discovery:

*[State what processes the parties have agreed upon to conduct informal discovery, such as joint interviews with potential witnesses or joint meetings with clients to discuss settlement, or exchanging documents outside of formal discovery.]*

e. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

*[Counsel and pro se parties are strongly encouraged to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case. Discovery and other litigation costs may be reduced, for example, through telephone depositions, joint repositories for documents, use of discovery in other cases, and extensive use of expert affidavits to support judicial notice. Counsel and pro se parties also will be expected to use a unified exhibit numbering system if required by the practice standards of the judicial officer presiding over the trial of this case.]*

f. Statement as to whether the parties anticipate that their claims or defenses will

involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

*[The parties must propose a format for production of electronically stored information and indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information; (iii) limit the associated discovery costs and delay; (iv) avoid discovery disputes relating to electronic discovery; and (v) address claims of privilege or of protection as trial-preparation materials after production of computer-generated records. Counsel should describe any proposals or agreements regarding electronic discovery made at the Rule 26(f) conference and be prepared to discuss issues involving electronic discovery, as appropriate, at the Scheduling Conference.]*

    g.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

*[The parties are required by Fed. R. Civ. P. 26(f)(2) to have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. They must also promptly report the result of any such meeting, and any similar future meeting, to the magistrate judge.]*

## 7. CONSENT

[*Pursuant to D.C.COLO.LCivR 72.2, all full-time magistrate judges in the District of Colorado are specially designated under 28 U.S.C. § 636(c)(1) to conduct any or all proceedings in any jury or nonjury civil matter and to order the entry of judgment. Parties consenting to the exercise of jurisdiction by a magistrate judge must complete and file the court-approved Consent to the Exercise of Jurisdiction by a United States Magistrate Judge form. Indicate below the parties' consent choice.*]

All parties [have or have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. CASE PLAN AND SCHEDULE

*[Parties must confer to provide proposed dates for items b. through q. below. Absent unusual circumstances, proposed dates for items b. through q. should proceed in chronological order. Dates for items i. and m. should be stated in terms of the proposed month only.]*

*[Regarding items c. and d., "initial claim chart" means infringement contentions, including specifications of each claim of each patent in suit that is allegedly infringed, each instrumentality that allegedly infringes each asserted claim, and a claim chart detailing where each element of an*

*asserted claim is found in each accused instrumentality.]*

    a.    Date of Rule 16(a) and Rule 26(f) conferences with the Magistrate Judge:

    b.    Deadline to join parties:

    c.    Deadline for patentee to disclose initial claim chart:

    d.    Deadline for alleged infringer to disclose initial claim chart:

    e.    Deadline for alleged infringer's prior art statement, including but not limited to invalidity contentions:

    f.    Deadline for patentee's prior art statement:

    g.    Deadline for parties to exchange terms to be construed:

    h.    Deadline for filing of joint claim construction statement, including statements of the intended impact on the parties' proposed constructions on the merits of the case:

    i.    Month of technology tutorial with District Judge and Magistrate Judge:

    j.    Deadline for filing of patentee's opening brief regarding claim construction:

    k.    Deadline for filing of alleged infringer's response brief regarding claim construction:

    l.    Deadline for filing of patentee's reply brief regarding claim construction:

    m.    Month of Claim construction hearing with District Judge and estimated time necessary for hearing:

    n.    Deadline to amend pleadings regarding willful infringement or inequitable conduct and deadline to amend claim charts and prior art statements:

    o.    Fact discovery deadline:

    p.    Expert Witness Disclosure:

        1.    The parties shall identify anticipated fields of expert testimony, if any.

        2.    Limitations which the parties propose on the use or number of expert witnesses.

        3.    The parties shall designate all affirmative experts and provide opposing

          counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____ 201_ . *[This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

    4.    The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 201_. *[This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

    5.    Expert discovery deadline:

q.    Dispositive motions deadline:

## 9. DISCOVERY LIMITATIONS

a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

*[Any party who proposes to exceed the numerical limits set forth in Fed. R. Civ. P. 30(a)(2)(A)(I) should be prepared to support that request by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]*

b.    Limitations which any party proposes on the length of depositions.

c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

*[Any party who proposes more than twenty-five (25) requests for production and/or requests for admission should be prepared to support that proposal by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]*

d.    Other Planning or Discovery Orders

    1.    Deadline for filing proposed protective order(s):

    2.    No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR 7.1A.  If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. Both of

    these steps must be completed before any contested discovery motions are filed with the Court.

  3.  Other issues:

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

  a.  A settlement conference will be held on_____ at _____ o'clock ___.m.  It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

  ( )  *Pro se* parties and attorneys only need be present.

  ( )  Pro se parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

  ( )  Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

  b.  Status conferences will be held in this case at the following dates and times:_____.

  c.  A final pretrial conference will be held in this case on _____ at _____o'clock __ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

  a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

  b.  Anticipated length of trial and whether trial is to the court or jury.

  c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado. *[Determination of any such request will be made by the magistrate judge based on the individual needs of the case and the availability of*

*space and security resources.]*

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

[*The following paragraphs shall be included in the scheduling order:*]

Motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by containing proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case. In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

*[Include a statement that the scheduling order may be altered or amended only upon a showing of good cause.]*

DATED this ____ day of _____ , 20__ .

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

_____  _____
(Name)                                                            (Name)
(Address)                                                         (Address)
(Telephone Number)                                   (Telephone Number)
Attorney for Plaintiff (or Plaintiff, *Pro Se*) Attorney for Defendant (or Defendant, *Pro Se*)

*[Please affix counsels' and any pro se party's signatures before submission of the proposed scheduling order to the court.]*